UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EARL LYNN BAGLEY,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Case No. C05-1161-JCC-JPD<br><br>ORDER GRANTING<br>RESPONDENT'S SECOND MOTION<br>FOR EXTENSION OF TIME AND<br>DENYING PETITIONER'S MOTION<br>TO TRANSFER |

Petitioner is proceeding *pro se* in this 28 U.S.C. § 2255 motion to vacate, set aside, or correct his 2004 federal court sentence.[1]  This matter comes before the Court upon petitioner's motion for a prison transfer, Dkt. No. 15, and respondent's motion for a second extension of time for which to respond to petitioner's § 2255 motion.  Dkt. No. 16.

On August 22, 2005, petitioner filed a motion to transfer him from the Federal Penitentiary in Lompoc, California (the "Lompoc Prison"), to the Federal Detention Center in Seatac, Washington ("FDC").  Dkt. No. 15.  Petitioner argues that he should be transferred to the FDC because he believes it would give him access to better medical treatment for a chronic skin ulcer and certain respiratory problems.  *Id.*

In its response, the government argues that petitioner's motion raises medical issues

---

[1] The case was transferred to this Court from the Central District of California because petitioner was sentenced here.  Dkt. No. 4.

ORDER GRANTING RESPONDENT'S SECOND
MOTION FOR EXTENSION OF TIME AND
DENYING PETITIONER'S MOTION TO TRANSFER
PAGE -1

directly related to those raised in his § 2255 motion. Dkt. No. 17. It further argues that certain hearing transcripts are necessary to properly address those issues. *Id.* By a separate motion filed on the same day, respondent argues that the Court should grant a second extension of time for it to respond to petitioner's § 2255 motion, because there have been unforseen administrative delays in connection with transcribing the needed transcripts. Dkt. No. 16. Respondent further argues that the motion to transfer should be denied, or alternatively, stayed until the transcripts are made available. Dkt. No. 17.

Because petitioner's ulcer-related health condition has been a serious and ongoing concern that is relevant to the determination of the above-mentioned motions, the Court ordered the parties to inform the Court of the nature and extent of petitioner's current medical condition and whether it was likely to seriously deteriorate over the course of the thirty days. Dkt. No. 18. Both parties have responded. Dkt. Nos. 19, 20. Having carefully reviewed the parties' motions, responses, and available record, the Court ORDERS as follows:

(1) Respondent's request for a second extension of time to respond to petitioner's motion, Dkt. No. 16, is GRANTED. Petitioner does not oppose this extension. Dkt. No. 19. Respondent shall have **until October 28, 2005**, by which to file its response.

(2) Further, the Court DENIES petitioner's motion for a prison transfer. Dkt. No. 15. It does not appear that continued imprisonment at the Lompoc Prison will adversely impact petitioner's health pending resolution of his § 2255 motion. Dr. George Santini, Clinical Director at the Lompoc Prison, has indicated that petitioner is being treated by a staff of competent medical personnel, and that his current condition does not require a transfer. Dkt. No. 20, Attach. A. Moreover, petitioner has stated that, although his condition fluctuates, his "current medical condition is not likely to seriously deteriorate over the course of the [next] thirty days." Dkt. No. 19. The Court therefore declines to grant a transfer at this time, but may revisit the issue when petitioner's § 2255 motion is considered.

01       (3)    The Clerk is directed to send a copy of this order to petitioner, counsel for

02 respondent, and to the Honorable John C. Coughenour.

03      DATED this 28th day of September, 2005.

*[signature: James P. Donohue]*

JAMES P. DONOHUE
United States Magistrate Judge

ORDER GRANTING RESPONDENT'S SECOND
MOTION FOR EXTENSION OF TIME AND
DENYING PETITIONER'S MOTION TO TRANSFER
PAGE -3