UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EARL LYNN BAGLEY,   )   | Case No. C05-1161-JCC-JPD |
| )   | |
| Petitioner,   )   | |
| )   | |
| v.   )   | REPORT AND RECOMMENDATION |
| )   | |
| UNITED STATES OF AMERICA,   )   | |
| )   | |
| Respondent.   )   | |
| _____   )   | |

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Earl Lynn Bagley is a federal prisoner serving a fifty-one-month sentence for possession of child pornography. He has filed a habeas corpus petition under 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his 2004 federal court sentence. Respondent has filed a response opposing the motion. Following a careful review of the parties' pleadings, supporting documents, and the record, the Court recommends that petitioner's motion be denied.

FACTS

On December 18, 2003, petitioner was stopped by Bureau of Immigration and Customs Enforcement agents as he and a Canadian citizen attempted to enter the United States by car at Blaine, Washington. Case No. CR04-18, Dkt. No. 1. The two men were referred to a secondary vehicle inspection to determine the immigration status of the Canadian. *Id*. During the secondary inspection, a customs agent searched petitioner's car and found a laptop

REPORT AND RECOMMENDATION
PAGE -1

computer. *Id*. After a brief search in the "My Pictures" directory, the agent found at least six images of child pornography.[1]  *Id*.

On April 20, 2004, petitioner entered into a plea agreement in which he pleaded guilty to one count of possessing images of a minor engaged in sexually explicit conduct. Case No. CR04-18, Dkt. No. 23. The plea agreement stipulated to a sentence of fifty-one months and explicitly included a waiver of petitioner's right to a "speedy and public trial." *Id*. It also provided that petitioner agreed to forfeit the laptop computer and all images of child pornography. *Id*. At sentencing, the Court found that petitioner was fully competent and accepted the guilty plea. Dkt. No. 24 at 13.

On January 3, 2005, petitioner appealed his conviction, with the assistance of court-appointed counsel, to the Ninth Circuit. Case No. CR04-18, Dkt. No. 41. Petitioner subsequently withdrew his appeal and on April 25, 2005, the Ninth Circuit issued its mandate. Dkt. No. 51. On June 10, 2005, petitioner filed the present 28 U.S.C. § 2255 motion.[2] Case No. C05-1161, Dkt. No. 4, Attach. 4.

## CLAIMS FOR RELIEF

Petitioner raises four claims for relief.[3] First, he argues that his right to a speedy trial

---

[1] Petitioner claimed to have sole ownership and control of the computer. Case No. CR04-18, Dkt. No. 1. He claimed, however, that the pornographic images had "popped up" on his computer screen while he was surfing the internet, that he had logged the web sites he had visited, and that he had attempted to inform the Federal Bureau of Investigation about the images. *Id*. Petitioner denied knowing that possessing and/or importing images of child pornography was against the law. *Id*. Forensic analysis later found approximately 100 images of child pornography on the computer. Dkt. No. 23.

[2] Petitioner originally filed his motion in the Central District of California, but the petition was transferred to this Court because he was sentenced here. Dkt. No. 4. The motion was docketed in this Court on June 24, 2005.

[3] Petitioner's reply also appears to argue that the Supreme Court has held that the United States Sentencing Guidelines are unconstitutional, presumably under *United States v. Booker*. 125 S. Ct. 738 (2005). This claim, however, should be deemed waived, because it was not properly raised in petitioner's opening brief. *Koerner v. Grigas*, 328 F.3d 1039, 1048-

REPORT AND RECOMMENDATION
PAGE -2

was violated when counsel "induced" him to sign a plea agreement and waive his right to a preliminary hearing. Case No. C05-1161, Dkt. No. 4, Attach 4. He also suggests defense counsel agreed to continue his trial date beyond the time period required by the Speedy Trial Act without obtaining his signature. *Id*. Second, petitioner claims that the search and seizure of his computer was unconstitutional. *Id*. Third, petitioner claims that the government failed to produce evidence favorable to him. *Id*. He argues that the government possessed only his hard drive (and not his computer), and that had he known this at the time, he would have demanded that the government produce the laptop and filed a motion to dismiss. *Id*. Finally, petitioner claims that his detention in a non-medical facility violates the October 29, 2004, order of the sentencing judge that he be held in a medical facility. *Id*.

DISCUSSION

A.  Petitioner Waived His Right to Assert a Violation of the Speedy Trial Act By Entering Into a Valid Plea Agreement.

Petitioner argues that his right to a speedy trial was violated when counsel "refused" a preliminary hearing before a United States Magistrate Judge on December 31, 2003, and had him sign a waiver of that hearing. Case No. C05-1161, Dkt. No. 4, Attach. 4. He also claims that his lawyer agreed to continue his trial beyond the deadline required by the Speedy Trial Act without his signature. *Id*.

The record indicates that petitioner waived his right to a preliminary hearing after a lengthy colloquy before a United States Magistrate Judge. Case No. C05-1161, Dkt. No. 23, Attach. 5. He also filed a written waiver of his right to such a hearing. CR04-18, Dkt. No. 9. Although the record shows that the trial date was continued upon an agreed motion by the parties, the record contains no signed waiver or extension of petitioner's right to a speedy trial.

---

49 (9th Cir. 2003). Even if this claim were properly raised, it would fail on the merits because petitioner admitted the facts necessary to convict and sentence him. Moreover, he agreed to the length of the sentence imposed. Case No. CR04-18, Dkt. No. 23.

REPORT AND RECOMMENDATION
PAGE -3

Dkt. Nos. 15-18.

Petitioner, however, may not assert a violation of the Speedy Trial Act. By entering into a valid plea agreement a defendant "waives all nonjurisdictional defect claims. The right to a speedy trial under the Speedy Trial Act is nonjurisdictional." *United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992) (per curiam) (internal citations omitted). In this case, the sentencing judge found that petitioner was "fully competent" to enter his guilty plea after a colloquy in open court. Case No. CR04-18, Dkt. No. 24 at 13. The Court found that the plea agreement was "made voluntarily and freely with the full understanding of the charges and consequences of the plea, and that the [petitioner] committed the crime charged." *Id*. Indeed, petitioner does not argue that the plea was not knowing and voluntary, nor that he was incompetent. Therefore, because petitioner entered into a valid plea agreement, his argument that his right to a speedy trial was violated must fail.

B.  <u>Because Petitioner Had An Opportunity To Raise His Unconstitutional Search Claim On Direct Appeal, He May Not Raise it in a § 2255 Petition.</u>

Petitioner argues that the search of his car and computer by customs officials at the border was unconstitutional. Case No. C05-1161, Dkt. No. 4, Attach. 4. Petitioner, however, may not assert this claim in a § 2255 motion. When § 2255 petitioners have had a "full and fair opportunity" to raise an illegal search-and-seizure claim on direct appeal, subsequently they may not raise such claims in a § 2255 motion. *United States v. Hearst*, 638 F.2d 1190, 1196 (9th Cir. 1980) (internal citations omitted). In this case, after he pleaded guilty, petitioner filed a notice of appeal with the assistance of appellate counsel, but later withdrew the appeal. Case No. CR04-18, Dkt. Nos. 41-45, 51, 53. Because petitioner had an opportunity to raise his unconstitutional search claim on direct appeal, but declined to do so, he is barred from raising it in the present § 2255 motion.

Even if petitioner was not barred from raising this claim for the first time on collateral review, it would fail on the merits. It is "well established" that customs officials may conduct

REPORT AND RECOMMENDATION
PAGE -4

warrantless border searches without "*any* level of articulable suspicion, so long as the search is routine" *United States v. Okafor*, 285 F.3d 842, 845 (9th Cir. 2002) (emphasis added) (citing *United States v. Montoya de Hernandez*, 473 U.S. 531, 537-38 (1985). A border search becomes non-routine "only when it reaches the degree of intrusiveness present in a strip search or body cavity search." *Id*. (citing *United States v. Ramos-Saenz*, 36 F.3d 59, 61 (9th Cir.1994). In contrast, the Ninth Circuit has held "that searches of handbags, luggage, shoes, pockets and the passenger compartments of cars are clearly routine." *United States v. Molina-Tarazon*, 279 F.3d 709, 713 (9th Cir. 2002).[4]

In this case, the search of petitioner's vehicle and computer occurred in the context of a routine border search. After petitioner and his Canadian passenger arrived at the border, agents conducted a secondary vehicle search to ascertain the immigration status of the passenger. Case No. CR04-18, Dkt. No. 1. "Pursuant to border search practices," the agents found petitioner's laptop, turned it on, and found at least six thumbnail images in the "My Pictures" directory that appeared to be child pornography. *Id*. There is nothing to suggest that this search approximated the intrusiveness of a strip search or body cavity search. Indeed, no passwords, special forensics tools, or other arguably intrusive techniques were used to find and search the computer. To the contrary, this is the type of straightforward and routine search that is permitted at our nation's borders. Thus, even if petitioner could raise this claim here, it would fail on the merits.

C.  The Prosecution Did Not Fail to Produce Evidence Favorable to Petitioner.

Petitioner argues that the prosecution failed to produce evidence that would have been favorable to his defense. Case No. C05-1161. Dkt. No. 23. He contends that the government

---

[4]Although *Molina-Tarazon* was abrogated by the Supreme Court in *U.S. v. Flores-Montano*, 541 U.S. 149 (2004), the decision did not abrogate this proposition. In fact, *Flores-Montano* authorized broader search authority at the border, because it dispensed with any requirement that border officials have a "reasonable suspicion" to disassemble a vehicle fuel tank.

REPORT AND RECOMMENDATION
PAGE -5

possessed only the hard drive to his laptop and not the computer itself, and that the government should have disclosed this information. *Id*. Petitioner argues that had he known this before he entered his guilty plea, he would have demanded that the prosecution produce the entire laptop or would have filed a motion to dismiss. *Id*. This argument, however, is premised on a mistake of fact. Petitioner forfeited the entire laptop computer and it has remained in the possession of the government. Case No. CR04-18, Dkt. Nos. 36, 49, 50. This claim therefore lacks merit.

      D.    <u>Petitioner's Detention in a Non-Medical Facility Does Not Violate the Sentencing Judge's Sentencing Order.</u>

Petitioner argues that the sentencing judge ordered that he be detained in a medical facility and that because he has been incarcerated at the federal penitentiary in Lompoc, California, (a non-medical facility), the Court's order is being violated. Case No. C05-1161, Dkt. No. 23. He also argues that the federal penitentiary in Lompoc is unable to properly treat him and that he is likely to die in prison if he is not transferred to a medical facility. *Id*.

At petitioner's October 29, 2004, sentencing, the Court did not order that he be incarcerated in a medical facility. In fact, the Court rescinded an August 30, 2004, order executed by a United States Magistrate Judge directing petitioner to be transferred to the federal medical center. Case No. CR04-18, Dkt. No. 46 at 9-10. No other standing order in the record suggests petitioner should now be held in a medical facility. Thus, petitioner's claim that the Court's order is being violated is without merit.

Nevertheless, petitioner's medical condition has been an ongoing concern for the parties in this proceeding, as well as in the underlying criminal proceeding. Among other things, petitioner suffers from a chronic ulcer on his leg that has threatened his life at least once. Case No. C05-1161, Dkt. No. 13, Attach. 17 at 3. The Court has determined previously that the Federal Penitentiary in Lompoc was providing petitioner adequate care pending the outcome of this motion. *Id*. at Dkt. No. 21.

REPORT AND RECOMMENDATION
PAGE -6

01    It now appears, however, that petitioner has been transferred from the Lompoc
02 Penitentiary to the Federal Corrections Institution in Glenville, West Virginia. Dkt. No. 29. It
03 appears that petitioner's medical claim is moot in light of his transfer. Additionally, such a
04 claim would not properly be brought under 28 U.S.C. § 2255. *See Brown v. United States*,
05 610 F.2d 672, 677 (9th Cir. 1980) (noting that § 2255 petitions can test only the sentence
06 imposed and not the execution of the sentence); *see also United States v. Thiele*, 314 F.3d
07 399, 401 (9th Cir. 2002) (explaining that § 2255 is available only to defendants who are in
08 custody and claiming the right to be released). If petitioner believes that he is not receiving
09 adequate medical care at his new facility in West Virginia, he may bring a separate 42 U.S.C. §
10 1983 civil action in the District of West Virginia.

## CONCLUSION

12    For the reasons set forth above, petitioner's § 2255 motion should be denied. A
13 proposed order accompanies this Report and Recommendation.

14    DATED this 6th day of December, 2005.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -7