UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EARL LYNN BAGLEY,

    Petitioner,

  v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. C05-1161-JCC-JPD

ORDER

    This matter comes before the Court on Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, the Report and Recommendation ("R&R") of the Honorable Judge James P. Donohue, United States Magistrate Judge, Petitioner's objections to the R&R, and the remaining record. Having reviewed the materials submitted by the parties, and having determined that oral argument is not necessary, the Court hereby finds and rules as follows.

**I.    BACKGROUND**

    On December 18, 2003, Petitioner was stopped at the Pacific Highway Port of Entry in Blaine, Washington. (Case No. CR04-18, Dkt. No. 39 at 1). Customs agents thereafter conducted a routine border search and discovered images of child pornography on Petitioner's laptop. (R&R at 1–2). On April 20, 2004, Petitioner entered into a plea agreement in which he pleaded guilty to one count of possessing images of a minor in sexually explicit conduct under 18 U.S.C. § 2252. (*Id.* at 2). The plea agreement stipulated to a sentence of fifty-one months. (Dkt. No. 23 at 4). In addition, both parties

ORDER – 1

agreed that Petitioner had a qualifying prior conviction under 18 U.S.C. § 2252(b)(2). (Dkt. No. 30 at 2). The Court found that Petitioner was fully competent and accepted the guilty plea. (Dkt. No. 24 at 6, 13). Judgment was entered on October 29, 2004. (Dkt. No. 46). Petitioner later appealed his conviction to the Ninth Circuit on January 3, 2005, but subsequently withdrew his appeal. (Dkt. No. 51). On June 10, 2005, Petitioner filed the present § 2255 motion. (R&R at 2). Judge Donohue recommends in his R&R that Petitioner's motion be denied.

## II.     ANALYSIS

Petitioner first objects to the R&R on grounds that the images of child pornography were not stored for any illegal purpose nor for any criminal intent. At the outset, this claim is procedurally barred because Petitioner's guilty plea admitted the element of intent, and he may not now argue that he lacked the requisite intent. *United States v. Kidder*, 869 F.2d 1328, 1332–33 (9th Cir. 1989). Notwithstanding this procedural bar, Petitioner's objection is also without merit. In order to punish Petitioner under the applicable statutory provisions, it is sufficient that he knew that he had in fact stored visual depictions of minors engaging in sexually explicit conduct. *See* 18 U.S.C. §§ 2252(a)(4)(B). The act of storing images in and of itself is deemed criminal under the statute irregardless of the purpose for which the images were stored. *Id.*

Petitioner further objects to the use of a prior conviction from 1981 as a sentence enhancement. This objection appears to be based on two distinct arguments, that (1) it is unconstitutional to use a prior conviction to enhance a sentence, and (2) Petitioner's prior conviction was more than fifteen years old at the time of sentencing and was thus improperly used a sentence enhancement under U.S.S.G. § 4A1.2(e).

Petitioner's constitutional argument must fail for two reasons. First, this argument is not properly before the Court as Petitioner may not utilize a § 2255 motion to raise constitutional arguments that could have been raised on direct appeal. *United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000). Petitioner had every opportunity to raise any constitutional claims on direct appeal, but declined to do so. (R&R at 4.) Notwithstanding this defect, however, Petitioner's claim also necessarily fails on its merits.

ORDER – 2

The Supreme Court has long upheld the use of prior convictions to enhance sentences for subsequent convictions. *See Schiro v. Farley*, 510 U.S. 222, 223 (1994) (citing *Spencer v. State of Texas*, 385 U.S. 554, 559 (1967)). In addition, 18 U.S.C. § 2252(b)(2) specifically provides that "if [a] person has a prior conviction under . . . the laws of any State relating to . . . sexual abuse . . . such person shall be fined under this title and imprisoned for not less than 2 years nor more than 10 years." 18 U.S.C. § 2252(b)(2). The statute expressly permits a sentencing judge to take prior convictions into account when determining an appropriate sentence for violations of 18 U.S.C § 2252. *Cf. United States v. Preston*, 910 F.2d 81, 83 (3d Cir. 1990) (rejecting defendant's arguments that his prior convictions were too stale to be considered during sentencing).

Additionally, although Petitioner's prior conviction occurred fifteen years before his conviction in the present case, it was nevertheless properly considered as a sentence enhancement. Petitioner correctly argues that under the federal sentencing guidelines, a sentence imposed more than fifteen years prior to the defendant's commencement of the instant offense is not counted and therefore that a conviction entered in 1981 cannot be used to enhance a sentence for an offense committed in 2003. *See* U.S.S.G. § 4A1.2(e)(1). However, § 4A1.2(e)(1) also provides that any prior sentence of imprisonment "that resulted in the defendant being incarcerated *during any part of such fifteen-year time period*" may also be counted as a sentence enhancement. *Id.* (emphasis added). Petitioner was sentenced to thirteen years imprisonment for his prior offense and was later paroled in August 1988. According to Petitioner's superceding information, the instant offense commenced on April 29, 2003. (Case No. CR04-18, Dkt. No. 20). Therefore, although the margin is admittedly slim, Petitioner *was* incarcerated within fifteen years prior to the commencement of the instant offense for a qualifying conviction under 18 U.S.C. § 2252(b)(2), and it was proper to use the 1981 conviction as a sentence enhancement. Even Petitioner himself has acknowledged that he had "a qualifying prior conviction under 18 U.S.C. § 2252(b)(2) which subject[ed] him to a mandatory minimum sentence of two years and a maximum of ten years for [his offense]." (Case No. CR04-18, Dkt. No. 30 at 2).

ORDER – 3

Finally, Petitioner raises an objection to the accuracy of certain information regarding a prior conviction contained within his presentencing report ("PSR"). However, a defendant waives his right to attack a PSR through a § 2255 motion when he fails to avail himself of an opportunity contemporaneously or on direct appeal. *United States v. Donn*, 661 F.2d 820, 824 (9th Cir. 1981); *see also* FED. R. CRIM. P. 32(f)(1) (requiring parties to object to material information within the PSR "[w]ithin 14 days after receiving the [PSR]"). Because Petitioner did not raise any objections with respect to this prior conviction at his sentencing hearing, he has waived his right to attack the PSR through a § 2255 motion. *See also United States v. Keller*, 902 F.2d 1391 (9th Cir. 1990) (defendant waived his right to attack his PSR through § 2255 motion when he failed to object to the PSR prior to filing his § 2255 motion). In any event, the prior conviction to which Petitioner objects appears not to have affected the offense level of his crime and therefore did not result in any sentence enhancement.

For these reasons, it is hereby ORDERED:

(1) The Court DENIES Petitioner's objections;

(2) the Court ADOPTS the Report and Recommendation;

(2) Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 4) is DISMISSED with prejudice; and

(3) the Clerk is DIRECTED to send copies of this Order to Petitioner, to counsel for Defendant, and to Judge Donohue.

SO ORDERED this 23rd day of January, 2006.

*[signature: John C. Coughenour]*

UNITED STATES DISTRICT JUDGE

ORDER – 4